.IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD L. BYRD, | : | |
| | : | |
| Plaintiff | | |
| | : | CIVIL ACTION FILE |
| vs | : | |
| | : | NO. _____ |
| THE GWINNETT COUNTY PUBLIC SCHOOLS | | |
| | : | |
| Defendant | | |

**COMPLAINT**

COMES NOW, Plaintiff, RICHARD L. BYRD, who hereby files this Complaint for damages and other necessary and equitable relief against the above-named defendant as follows:

**.I. PRELIMINARY STATEMENT**

1.

Plaintiff brings this action pursuant to the Civil Rights Acts of 1964, 1870,and 1871 42 U.S.C.§§ 2000d and 2000e-2000e-17), the Civil Rights Act of 1967 (29 U.S.C. § 633a (hereinafter referred to as "the Civil Rights Acts"),42 U.S.C.§1981, and the Georgia Whistleblower Act (O.C.G.A.§ 45-1-4 (3)).

**THE PARTIES**

2.

Plaintiff is an African American male citizen of the United States and a resident of DeKalb County, Georgia. He was formerly

employed by the Gwinnett County Public Schools(sometimes referred to as "the School District" or "Defendant")at its Suwanee, Georgia location in Gwinnett County, Georgia at all times relevant to the allegations set forth in this Complaint.

3.

Defendant, the Gwinnett County Public Schools, is a public school district and political subdivision, which is an employer subject to the provisions of all laws referenced herein.

**III. JURISDICTION AND VENUE**

4.

This action involves and arises out of the statutory rights and obligations secured under the laws of the United States established by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., 42 U.S.C.§ 1981,and the Georgia Whistleblower Act (O.C.G.A.§45-1-4 (3).

5.

Plaintiff has satisfied the jurisdictional requirements of bringing this suit, having timely filed an original and amended complaints of discrimination with the Equal Employment Opportunity Commission("the EEOC"),having received a Notice of Right to Sue from such EEOC, and having timely filed the instant complaint within 90 days of Plaintiff's receipt of such Notice of Right to Sue.

2

6.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The acts, omissions, and events complained of herein took place in Gwinnett County, Georgia, and venue is, therefore, proper in the Northern District of the United States District Court of Georgia.

## IV. FACTUAL ALLEGATIONS

7.

Plaintiff was employed by the School District at its administrative headquarters located in Suwanee, Georgia, and was assigned to such location at all times relevant to the incidents on which this civil action is based.

8.

Plaintiff worked as the Facilities Manager for the Defendant School District beginning in 2006, serving as the Manager for the Instructional Support Center ("ISC") Facility Management Department.

9.

As of June of 2021, the School District had in place a contract with a company ("the School District Contract Company") to provide custodial and other services to the School District at the Instructional Support Center.

10.

School District supervisors, on a daily basis, provided supervisory instruction to the employees of the School Contract

3

Company, determined work assignments for such employees, determined the manner and method that such employees performed their work, and determined the terms conditions and privileges of employment of such employees.

11.

Sometime in June of 2021, Plaintiff became aware that subordinate School District employees he supervised were engaging in sexual discrimination, including sexual harassment in the workplace, targeting a female joint employee of a School District Contract Company and the School District, who was assigned to work at the School District's ISC facility headquarters ("the joint female employee").

12.

Immediately upon learning of the conduct of his subordinate employees, the Plaintiff reported such conduct of these School District employees to his manager and School District administrative officials.

13.

Immediately upon learning of the conduct of his subordinate employees' subjecting this female joint employee to sex discrimination in the workplace, including sexual harassment, the Plaintiff expressed to administrative officials of the School

District, including his manager, his opposition to such employees'
continuing such discrimination, with the last such expression of his
opposition to such misconduct and continuing discrimination taking
place in August of 2021.

14

Upon learning of the conduct of his subordinate employees'
subjecting this female joint employee to sex discrimination in the
workplace, including sexual harassment, and after he expressed to
administrative officials of the School District, including his
manager, his opposition to such employees' discrimination, the
Plaintiff, in July of 2021, took action to attempt to prevent his
subordinate employees who reported to him for supervision from
subjecting this joint female employee to further sexual
discrimination in the workplace.

15.

Plaintiff became aware that the subordinate employees he
supervised were continuing to engage in sexual discrimination in the
workplace - targeting the joint female joint employee who was
assigned to work at the School District's facility headquarters.

16.

Upon learning that the subordinate employees he supervised were
continuing to engage in sexual discrimination in the workplace -
targeting the joint female joint employee who was assigned to work at
the School District's facility headquarters, Plaintiff was requested

by employees to protect such joint female employee from immediate
continuing sex discrimination by his subordinate employees, and
Plaintiff, in accordance with his obligations under law, and in
accordance with School District policy, rules, and regulations,
attempted to take action to protect such female employee from further
immediate sexual harassment by such subordinate employees.

17.

After he took action to attempt to prevent his subordinate
employees from subjecting the joint female employee from further
sexual discrimination in the workplace, the Plaintiff was told by
School District officials that he should cease from such actions.

18.

Sometime in late July/early August of 2021, and immediately
after he was told by School District officials that he should cease
his actions to prevent the subordinate employees who reported to him
for supervision from subjecting the female joint employee to
continuing sexual discrimination, the Plaintiff told School District
officials that the School District was failing in its obligation to
protect this female employee.

19.

Shortly after Plaintiff expressed to School District officials
that the School District was failing in its obligation to protect the
joint female employee from sex discrimination by the employees who
reported to him, and that these employees subjected such female to

6

acts of sex discrimination, Plaintiff's manager told him that he had
to decide to whom he was loyal.

20.

In early August of 2021, the School District Contract Company
gave notice to the School District that, within 30 days, it would
terminate its contract with the School District because of the School
District's failure to protect employees from continuing sex
discrimination in the workplace by School District employees.

21.

Shortly after receiving notice of the School District Contract
Company' termination of its contract with the School District, the
Plaintiff was forced to replace the School District Contract Company
with a previous contracting company.

22.

In August of 2021, the Plaintiff expressed to his manager that,
in attempting to re-hire the previous contracting company, he
discovered that an issue which needed to be resolved with the
previous contracting company was the School District's pattern and
practice of the subordinate supervisory employees who reported to him
discriminating in terms, conditions, and privileges of employment
they afforded to female employees.

23.

In August of 2021, despite his objection, the Plaintiff's
manager told him not to address the unresolved issue with the

7

previous contracting company regarding the School District's pattern and practice of the subordinate supervisory employees who reported to him discriminating in terms, conditions, and privileges of employment they afforded to female employees.

24.

In early August of 2021, upon becoming aware that the Plaintiff took action to protect the joint female employee from further sex discrimination by his subordinate male employees, and that the Plaintiff had video surveillance proof of sexual harassment and of his subordinate supervisory employees' illegal actions, and within days of his advising his manager that the issue of supervisory School District officials discriminating against female employees in terms, conditions, and privileges of employment needed to be redressed, School District officials advised the Plaintiff that an investigation of his conduct as a manager had been completed; the Plaintiff was then directed to rescind performance evaluations he had completed months earlier for various subordinate employees, and the Plaintiff's supervisory authority to supervise his subordinate employees was retracted immediately.

25

In July of 2021, the Plaintiff stated to school district officials that the employees who he supervised should not be allowed to make unwelcome sexual advances and engage in acts of a sexual

nature towards or directed to, the joint female employee, or to
physically accost, or otherwise harass such joint female employee

26.

Shortly after Plaintiff stated to school district officials that
the employees who he supervised should not be allowed to make
unwelcome sexual advances and engage in acts of a sexual nature
towards, and directed to, the female joint employee, or to physically
accost and otherwise harass such joint female employee, Plaintiff was
subjected to working conditions which were adversely changed,
including forbidding him from issuing directives to his subordinate
employees, forbidding him from issuing performance evaluations to his
subordinate employees based upon his supervisory judgment of such
employees' performance, and forbidding him from utilizing School
District vendors for employee and office functions - resulting in a
hostile work environment in the workplace created and perpetuated by
his manager and other School District administrative officials.

27.

Within days after lodging a complaint that the School District
was not fulfilling its obligation to protect the joint female
employee from discrimination in the workplace by School District
employees, the Plaintiff was suddenly, and without justification,
stripped of his authority to supervise the employees who reported to
him based upon reasons which were untrue, which School District

officials knew were untrue, and which did not justify the adverse
rescission of his supervisory authority.

28.

The School District officials' adverse rescission of the
Plaintiff's supervisory authority and alteration of his duties and
terms, conditions, and privileges of employment was a pretext for
discrimination and retaliation against him.

29.

During the course of his employment with the Defendant, the
Plaintiff attempted to carry out his duties as a manager within the
ISC Facility Management Department by evaluating subordinate
employees' performance.

30.

During the course of his carrying out his duties as a manager in
the ISC Facility Management department, the Plaintiff found that
certain employees within the school district were failing to comply
with federal and state fair labor standards rules and regulations,
and sought to correct this failure by such employees.

31.

Beginning in February of 2021, the Plaintiff advised his manager
that certain employees within the school district were failing to
comply with federal and state fair labor standard laws and School
District rules and regulations.

32.

Thereafter, after presenting to his manager and School District officials a plan to address the issue of certain employees within the school district failing to comply with federal and state fair labor standards and School District rules and regulations, in May of 2021, the Plaintiff sought to correct such failure by such employees, advising his manager and School District personnel officials of his plan of correction to be implemented in June of 2021.

33.

Within days after the Plaintiff reported to his manager and School District officials that he was seeking to enforce federal and state fair labor standard laws, as well as school District rules and regulations, by, in part, revising employee work schedules proposed to begin in June of 2021, the School District subjected the Plaintiff to an unfounded investigation regarding his carrying out his supervisory duties and authority, including interrogating him regarding his insistence that state and federal labor standard laws be complied with by employees who reported to him.

34.

During the course of the School District's investigation, the Plaintiff was subjected to procedures which violated School District policy, practice, and procedures, including failing to advise him of what were the accusations against him.

35.

During the course of the School District's investigation of him, the Plaintiff was not afforded the same opportunities to respond to accusations lodged against him as were his similarly situated counterparts outside of his protected classifications, including failing to advise him of what the accusations against him were, failing to afford to him the opportunity to rebut any accusations made against him, failing to provide to him the results of such investigation, and failing to allow him the opportunity to supervise subordinate employees in accordance with the authority of his position.

36.

On or about August 23, 2021, following his expression to School District officials of his opposition to School District employees' subjecting the joint female employee who worked within the ISC Facilities to sex discrimination, Plaintiff was advised that he could not direct such employees to cease from their acts of sex discrimination.

37.

On or about August 23, 2021, following his expression to School District officials of his opposition to School District employees subjecting the joint female employee who worked within the ISC Facilities to sex discrimination, Plaintiff was denied the ability to

perform his work duties as a Supervisor, as was required to perform successfully in his position.

38.

On or about August 23, 2021, within days of Plaintiff's communication to his managers and School District officials of his opposition to sex discrimination in the workplace, that the School District was failing the joint female employee, and of his desire to do all that he could to prevent future sex discrimination in the workplace, and within days of Plaintiff's manager's directive to Plaintiff to decide which side he was on, Plaintiff's manager and administrative officials adversely altered his supervisory terms, conditions, and privileges of employment in a manner which included prohibiting him from maintaining an open door to receive employee concerns, erecting obstacles to his ability to supervise employees directly, and prohibiting him from evaluating and directing subordinate employees who worked under his supervision as he was previously allowed prior to such opposition to sex discrimination in the workplace.

39.

On or about August 23, 2021, within days following Plaintiff's communication to his managers and School District officials of his opposition to violations of School District policies, rules, and procedures, as well as his opposition to violation of state and federal laws by his subordinate employees, Plaintiff's manager and

administrative officials adversely altered his supervisory terms, conditions, and privileges of employment in a manner which included prohibiting him from maintaining an open door to receive employee concerns, erecting obstacles to his ability to supervise employees directly, and prohibiting him from evaluating and directing subordinate employees who worked under his supervision as he was previously allowed.

40.

The Defendant created intolerable and illegal working conditions for the Plaintiff for no legitimate reason which resulted in his being forced to resign his employment on August 26, 2021.

41.

Following the Defendant's illegal and intolerable conditions which forced his resignation, Plaintiff, thereafter, on November 23, 2021, filed a formal complaint with the EEOC alleging discrimination based upon race, color, and reprisal.

42.

Within days following his filing of a formal complaint of discrimination with the EEOC, and after school district officials became aware of Plaintiff's opposition to discrimination and his filing of such EEOC complaint, School District Officials acted in retaliation against the Plaintiff by refusing to provide accurate information regarding his employment with the School District to prospective employers.

43.

Within days following his filing of a formal complaint of discrimination with the EEOC, and after school district officials became aware of Plaintiff's opposition to discrimination and his filing of such EEOC complaint, School District Officials acted in retaliation against the Plaintiff by failing and refusing to provide the same or similar information regarding his employment with the School District to prospective employers as provided regarding former employees who were not in the Plaintiff's protected classifications.

44.

School District officials interfered with Plaintiff's ability to carry out his duties as a supervisor without a legitimate reason.

45.

School District officials removed official duties from the Plaintiff as a supervisor without a legitimate reason.

46.

The Plaintiff was subjected to stricter scrutiny and requirements than his non African American counterparts and his counterparts of a different color.

47.

The Plaintiff's supervisors and managers and School District officials created and perpetuated a hostile work environment to which

he has been subjected, and his employment conditions were changed for the purpose of discriminating against him, including retaliation.

48.

The Plaintiff was denied the same employment opportunities as his non-African American counterparts, as well as his counterparts who did not oppose discrimination in the workplace.

49.

The Plaintiff was denied the same employment opportunities as his counterparts of a different color, as well as his counterparts who did not oppose discrimination in the workplace.

50.

Non African American employees, and employees who did not oppose discrimination in the workplace, but who engaged in the same conduct as Plaintiff, were not subjected to a hostile work environment as was the Plaintiff.

**COUNT I**
**Title VII (Race)**

51.

All of the allegations contained in the Complaint and in paragraphs 1 through 50 are made a part hereto by reference and incorporated as if fully set forth herein.

52.

The conduct of the Defendant employer constitutes a violation of 42 U.S.C. § 2000e-17 in that the Defendant employer

16

committed an unlawful employment practice by its managers'
discrimination against him based upon race.

### COUNT II
### Title VII (Color)

53.

All of the allegations contained in the Complaint and in
paragraphs 1 through 52 are made a part hereto by reference and
incorporated as if fully set forth herein.

54.

The conduct of the Defendant employer constitutes a
violation of 42 U.S.C. § 2000e-17 in that the Defendant employer
committed an unlawful employment practice by its managers'
discrimination against him based upon color.

### COUNT III
### Title VII Retaliation Claim

55.

All of the allegations contained in the Complaint and in
paragraphs 1 through 54 are made a part hereto by reference and
incorporated as if fully set forth herein.

56.

The conduct of the Defendant employer constitutes a
violation of 42 U.S.C. § 2000e-17 in that the Defendant employer
committed an unlawful employment practice by retaliating against

the Plaintiff for having opposed discrimination in the workplace and having participated in protected activity.

## COUNT IV
### 42 U.S.C.§ 1981

57.

All of the allegations contained in the Complaint and in paragraphs 1 through 56 are made a part hereto by reference and incorporated as if fully set forth herein.

58.

The conduct of the Defendant employer constitutes a violation of 42 U.S.C.§ 1981 in that the Defendant employer committed an unlawful practice by its managers'discrimination against him based upon race.

## COUNT IV
### O.C.G.A. § 45-1-4 (3)
### ("the Georgia Whistleblower Act")

59.

All of the allegations contained in the Complaint and in paragraphs 1 through 58 are made a part hereto by reference and

60.

Defendant acted deliberately, with malice and/or reckless indifference to Plaintiff's right protected under Georgia law and the state Constitution of Georgia.

61.

The Defendant retaliated against the Plaintiff for objecting to, or refusing to participate in, an activity, policy, or practice which he had reasonable cause to believe was in violation of or noncompliance with a law, rule, or regulation.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following:

1. Back pay;

2. Restoration of lost benefits;

3. Compensatory damages in the maximum amount allowed by law;

4. Attorneys fees and costs;

5. Trial by a jury; and

6. Such other just and equitable relief as may be necessary.

Respectfully submitted this 14th day of April, 2022.

s/ Jacqueline Taylor_____
Jacqueline K. Taylor
Georgia Bar No. 700251
Crowne Office Building
1870 The Exchange, Suite 200
Atlanta, Georgia 30339
(770) 951-7077
Email:jaktaylor@bellsouth.net