**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **RICHARD L. BYRD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action 1:22-CV-01457-SDG** |
| | ) | |
| | ) | |
| **THE GWINNETT COUNTY** | ) | |
| **SCHOOL DISTRICT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CONSOLIDATED PRE-TRIAL ORDER**

COME NOW the parties, by and through their undersigned counsel, and file their Consolidated Pre-Trial Order as follows:

1.

There are no motions or other matters pending for consideration by the Court except as noted:

**Motions in limine may be filed by the parties prior to trial.**

2.

All discovery has been completed, unless otherwise noted; and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall,

however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**For Defendant: Plaintiff identified additional witnesses and documents/exhibits after the close of discovery.[1] Specifically Louise Blackburn, Gwendolyn Wynn, Davonna Scott, Eastern Brashear, and Sharrod Brown are included on Plaintiff's witness list attached hereto. Additionally, Plaintiff identified three (3) medical providers via his fourth supplemental response to interrogatories after the close of discovery. Defendant objects to these witnesses being permitted to testify as they were known to Plaintiff during the discovery period (and likely before this action was even filed). If Plaintiff is permitted to call these late-identified witnesses, Defendant seeks to take their depositions at Plaintiff's expense prior to trial. Defendant further objects to the use of any documents/exhibits not disclosed during the course of discovery.**

**Plaintiff's Position: All discovery has been completed. To the extent Defendant maintains that certain evidence or witnesses should be excluded,**

[1] Plaintiff produced a job description document on April 17, 2023 (Exhibit 72), an audio recording on May 5, 2023, emails on April 11, 2024 (Ex. 73), supplemental interrogatories on May 9, 2024 which included identification of three (3) medical personnel witnesses, and medical records on May 23, 2024 (Ex. 74). Plaintiff further identified additional witnesses via amended initial disclosures on May 22, 2024. [Dkt. #77] Finally, Plaintiff identified three (3) additional witnesses

**Defendant may object to specific identified document or witness (below) and a Motion in Limine would be the proper avenue to address this dispute. Plaintiff will agree to any additional deposition requested by Defendant.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties. **The Parties agree that Defendant should be identified as "Gwinnett County School District," rather than "THE Gwinnett County School District."**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**The federal question jurisdiction of this Court is invoked in this action under 28 U.S.C. § 1331.**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

---

with the filing of this pre-trial order.

Plaintiff: **John D. Wales**
**Georgia Bar No. 730785**
**LAW OFFICES OF JOHN D. WALES**
**2451 Cumberland Parkway SE**
**Atlanta Georgia 30339**
**770-850-2545 (Telephone)**
**770-850-2545 (Facsimile)**
**Email: JohnDWales@aol.com**

Defendant: **Robert Catron Stevens**
**Georgia Bar No. 680142**
**Seyfarth Shaw, LLP**
**Suite 2500**
**1075 Peachtree Street NE**
**Atlanta, GA 30309**
**404-885-1500**
**Fax: 404-892-7056**
**Email: bstevens@seyfarth.com**

Other Parties (specify): **None.**

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**None.**

7.

The captioned case shall be tried ( **X** ) to a jury or (__) to the Court without

a jury, or (___) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**The parties do not request bifurcation because potential damages in this action are not complex and are limited.**

9.

Attached hereto as Attachment "A" and made a part of this Order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to Plaintiff's voir dire questions.

**Defendant objects to Plaintiff's proposed voir dire questions as follows:**

**<u>Question 11</u> "In this case, the plaintiff claims that he was retaliated against by the defendant for complaining about inappropriate conduct. Do you have any preconceptions or feelings one way or the other about how this kind of situation should be decided?"**

**<u>Objections</u>: Misleading, not relevant, and prejudicial (Plaintiff did not complain about inappropriate conduct, rather he relayed a concern from a school district vendor).**

**<u>Question 12</u> "Do you know anyone who has been or may be involved in a situation like what the plaintiff is claiming?"**

**<u>Objections</u>: Misleading, not relevant, and prejudicial (Plaintiff did not**

**complain about inappropriate conduct, rather he relayed a concern from a school district vendor).**

State any objections to Defendant's voir dire questions.

25. “Do any of you think that there are too many lawsuits?”

**Objection: Irrelevant and unfairly prejudicial. This question does not provide a reasonable basis to qualify or disqualify a juror.**

26. “Do any of you think that people sometimes file lawsuits that are frivolous?”

**Objection: Irrelevant and unfairly prejudicial. This question does not provide a reasonable basis to qualify or disqualify a juror**.

State any objections to the voir dire questions of the other parties, if any.

**Not applicable.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any request for additional strikes. Unless otherwise noted herein, each side as a group, will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**The parties do not request any additional strikes.**

13.

State whether there is any pending related litigation. Describe briefly including style and civil action number.

**None.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**Plaintiff identifies the following legal issues to be tried:**

1. **Whether Defendant retaliated against Plaintiff for engaging in statutorily protected activity in violation of Title VII under the opposition clause of 42 U.S.C. §§ 2000e-(3)(a) and if so, what relief is Plaintiff entitled?**

**Defendant identifies the following legal issues to be tried:**

(1) **Whether Plaintiff engaged in protected activity covered by 42 U.S.C. §2000(e), et seq.?**

(2) **Whether Defendant took any materially adverse action against Plaintiff?**

(3) **If Defendant took any materially adverse action, did it have a legitimate non-retaliatory reason for doing so?**

(4) **Whether Plaintiff's protected activity caused any materially adverse employment action in violation of 42 U.S.C. §2000(e), et seq.?**

(5) **Whether Defendant retaliated against Plaintiff in violation of 42 U.S.C. §2000(e), et seq.?**

**(6) Whether Plaintiff unreasonably failed to take advantage of Defendant's complaint/grievance policy?**

**(7) In the event Plaintiff is entitled to any damages, whether some or all of Plaintiff's damages are barred due to the failure to mitigate damages?**

18.

Attached hereto as Attachment "F-1" for the Plaintiff, Attachment "F-2" for the Defendant, and Attachment "F-3," etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use can be reasonably anticipated must be anticipated. Each party shall also attach to his list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain his testimony by other means. Witnesses who are not included on the witness listed

(including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the Plaintiff, "G-2" for the Defendant, and "G-3," etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for Court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits.

When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to other party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**Plaintiff identifies no such testimony.**

**Defendant identifies no such testimony.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the date the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for Plaintiff, "H-2" for Defendant, and "H-3," etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of

individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the Court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date of which the case is calendared (or specifically set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the Court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice Instructions in preparing the requests to charge. Those charges will generally be given by the Court where applicable. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other

than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the Court.

24.

Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**The Parties do not request any additional time for argument.**

25.

If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

**Not applicable.**

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties conferred July 15, 2024, to discuss in good faith the possibility of settlement of this case. The Court (__) has or ( X ) has not discussed

settlement of this case with counsel. It appears at this time that there is:

(___) A good possibility of settlement.

(___) Some possibility of settlement.

( X ) Little possibility of settlement.

(__) No possibility of settlement.

27.

Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the Court.

**Both parties have submitted notices of leaves of absence.**

28.

The plaintiff estimates that it will require **two (2)** days to present its evidence. The defendant estimates it will require **two (2)** days to present its evidence. It is estimated that the total trial time is **four (4)** days.

29.

It is HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( **X** ) submitted by stipulation of the parties or (___) approved by the Court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by separate order of the court.IT IS SO ORDERED this ______ day of ____________, 2024

________________________________
STEVEN B. GRIMBERG
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

This __5th_____ day of __August_____, 2024.

**s/ JohnD. Wales**
John D Wales
Georgia Bar No. 730785
LAW OFFICES OF JOHN D. WALES
2451Cumberland Parkway SE
Atlanta Georgia 30339
Telephone: (770) 850-2545

Facsimile: (770) 850-2548
Email: JohnDWales@aol.com
Attorney for Plaintiff

**s/Robert C. Stevens**
Robert Catron Stevens
Georgia Bar No. 680142
SEYFARTH SHAW, LLP
Suite 2500
1075 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-885-1500
Fax: 404-892-7056
Email: bstevens@seyfarth.com
Attorney for Defendant

s/Elizabeth F. Kinsinger
Elizabeth F. Kinsinger
Georgia Bar No. 261755
PEREIRA, KIRBY,
KINSINGER & NGUEYN, LLP
P.O. Drawer 1250
Lawrenceville, GA 30046
T: 770-963-1997
F: 770-822-2913
ekinsinger@pkknlaw.com
Attorney for Defendant

## ATTACHMENT A: JURORS' LEGAL QUALIFICATIONS

The parties ask that the Court propound to jurors the following questions concerning their legal qualifications to serve:

1. Does anyone know, or is anyone related by blood or marriage to, Plaintiff Richard Byrd?
2. Does anyone know, or is anyone related by blood or marriage to, Plaintiff's attorneys John D. Wales of the Law Offices of John D. Wales?
3. Does anyone know, or is anyone related by blood or marriage to an employee or student of Gwinnett County School District?
4. Does anyone know, or is anyone related by blood or marriage to, Defendant's attorney Robert Catron Stevens of the law firm of Seyfarth Shaw?
5. Does anyone know or is anyone related by blood or marriage to, Plaintiff's former attorney Jacqueline K. Taylor of the law firm J. Taylor & Associates?
6. Does anyone know or is anyone related by blood or marriage to, Plaintiff's former attorney Kasey Libby of the law firm The Libby Law Firm?
7. Are you a citizen of the United States?

8. Are you eighteen years or older?

9. Have you resided within the Northern District of Georgia (Fulton, Cobb, Clayton, Cherokee, DeKalb, Douglas, Gwinnett, Henry, Newton, or Rockdale counties) for a period of one year?

10. Do you currently have any felony criminal charges pending against you?

11. Have you previously been convicted of a felony? If so, have your civil rights been restored?

12. Are you able to read, write, and understand the English language sufficiently to have completed your juror qualification form?

13. Are you able to speak the English language?

14. Do you have difficulty understanding the English language?

15. Are you incapable – due to any mental or physical condition – to serve on a jury?

16. Do you have a health condition that would prevent you from serving as a juror in this case?

17. Do you know any of the following parties and witnesses: (insert approved witness lists)

## ATTACHMENT B-1: PLAINTIFF'S PROPOSED VOIR DIRE EXAMINATION

Plaintiff respectfully submits the following questions to be propounded on jurors on voir dire examination.

1. Please name any high schools, colleges, technical schools, or graduate schools that you have attended and whether or not any degrees were obtained or received.

2. What was your major field of study?

3. Please tell us the names of any clubs, groups, or organizations that you belong to?

4. What newspapers and magazines do you read regularly?

5. Do any of you regularly watch TV shows about lawyers? If yes, which shows?

6. Have you, or any member of your immediate family, ever been involved in a lawsuit as a plaintiff or a defendant, other than a divorce action? If yes,

   a. what type of lawsuit was it?

   b. were you the defendant or plaintiff?

   c. how was the lawsuit resolved?

7. Have you ever served as a juror before? If yes,

   a. name the court(s), the type of case(s), and the approximate date(s).

   b. Were you ever the foreperson?

   c. Has any of the juries on which you have served been unable to reach a verdict?

   d. Did you enjoy your previous experience(s) as a juror?

8. Do you, or any member of your immediate family, have any legal training or expertise in the area of psychology or psychiatry?

9. Have you, or any member of your immediate family, ever filed a complaint of discrimination or retaliation for complaining about discrimination either in your workplace, with an administrative agency or with the Equal Employment Opportunity Commission, sometimes known as the "EEOC?" If yes,

   a. what was the nature of the complaint?

   b. how was the complaint resolved?

10. Has anyone ever filed a complaint of discrimination or retaliation for complaining about discrimination against you, or any member of your immediate family, either in your workplace, with an administrative agency

or with the EEOC? If yes,

a. what was the nature of the complaint?

b. how was the complaint resolved?

11. In this case, the plaintiff claims that he was retaliated against by the defendant for complaining about inappropriate conduct. Do you have any preconceptions or feelings one way or the other about how this kind of situation should be decided?

12. Do you know anyone who has been or may be involved in a situation like what the plaintiff is claiming?

13. Do you feel that for whatever reason, you may have difficulty in serving on this jury?

14. Do you feel that you will be able to listen to the evidence and be fair to both sides?

15. Have you or any member of your family ever filed a lawsuit? If so, what was the nature of the suit? Who was sued and why? Were you satisfied with the result?

16. Have you or any member of your family ever been a defendant in a lawsuit? If so, what was the nature of the suit? Were you satisfied with the result?

17. Has any juror, or any member of your family, or any close friend of yours, ever been a witness in a lawsuit? If yes, describe the lawsuit? Did the lawsuit involve an employment matter? Did the result of the lawsuit favor the employee or the employer? Do you believe the result of the lawsuit was fair? Why? Why not?

18. Has any juror ever read about or listened to news reports about Gwinnett County School District?

19. Has any juror ever reviewed information on the Internet about Gwinnett County Government?

20. Do you know any of the following individuals who may be called as witnesses by the Plaintiff or Defendant? If so, how do you know them?

a. List of Parties' Witnesses

21. As to any such witness would your knowledge of the witness in any way affect your ability to sit as a juror?

22. Have any of you ever read or heard anything, outside this court, about this case?

23. Have any of you ever had a job with a governmental agency, whether local,

state or federal, including the military? If yes, state the governmental agency, the time of service, and in what capacity?

24. Have any of you ever been an executive officer, manager or personnel officer in an organization responsible for the management of employees? If so, please describe the nature of your duties.

25. Is there anyone here now who has any idea or preconceived notion about the result to be reached in this case?

26. Is there anyone here now who has any idea or preconceived notions about an award of damages?

**ATTACHMENT B-2: DEFENDANT'S PROPOSED VOIR DIRE EXAMINATION**

Defendant respectfully submits the following questions to be propounded on juror on voir dire examination.

1. Did you graduate from high school?

2. Did you graduate from college?

3. Does anyone watch cable news or get their news from websites? If so, which news channels/websites? Fox News? MSNBC? CNN? Others?

4. Have you ever been selected to serve on a jury?

5. Do you have any sort of legal training?

6. Have you or any member of your family ever filed a lawsuit?

7. Have you, any family members, or any close friends ever been employees of GWINNETT COUNTY PUBLIC SCHOOLS?

8. Do you know anyone who has been employed by GWINNETT COUNTY PUBLIC SCHOOLS?

9. Have you, any family members, or any close friends ever been a party to a lawsuit (other than related to a domestic relations matter)?

10. Have you, any family members, or any close friends ever filed any claims or complaints against an employer with any government agency?

11. Have you, any family members, or any close friends ever filed any claims or complaints against an employer with a court of law?

12. Have you, any family members, or any close friends ever accused a manager of retaliation in the workplace?

13. Have you, any family members or any close friends ever accused a co-worker of sexual harassment?

14. Have you, any family members, or any close friends ever been the victim of sexual harassment in the workplace?

15. Have you, any family members, or any close friends ever been the victim of retaliation in the workplace?

16. Do you believe that employees who sue their former employers means the employer must have done something wrong?

17. Do you believe that sexual harassment is prevalent in the workplace?

18. Have you ever owned your own business?

19. Is there anyone here who would not be able to find in favor of the Defendant if the Plaintiff fails to carry his burden of proof based on the evidence?

20. Will each of you be willing and able to treat the Plaintiff and Defendant will equal fairness and justice?

21. Will you be able to return a verdict based solely on the evidence, even if the verdict may mean that the Plaintiff will receive no money?

22. Have you, any family members, or any close friends ever been sued by an employee or former employee?

23. Have you, any family members, or any close friends even been accused of retaliation? Did you, your family member or friend feel that these accusations were unfair?

24. Do any members of this jury believe that a worker is more credible or

believable than his/her supervisor?

25. Do any of you think that there are too many lawsuits?

26. Do any of you think that people sometimes file lawsuits that are frivolous?

27. Do any of you think that just because someone files a lawsuit there must be some merit to it?

28. Do any of you think that just because someone files a lawsuit they should get some money?

# ATTACHMENT C: PLAINTIFF'S OUTLINE OF THE CASE

**Factual Summary of Plaintiff's Cause of Action:**

Plaintiff Richard Byrd ("Byrd") brings this action against Defendant The Gwinnett County School District ("Defendant") for retaliation in the terms and conditions of employment because he engaged in statutorily protected opposition and participation activity in violation of 42 U.S.C. §§ 2000e-(3)(a).

Byrd worked as the Facilities Manager for Defendant between 2006 and 2021, in the role of Manager for the Instructional Support Center Facility Management Department.

In June 2021, Byrd became aware of sexual harassment and discrimination by his subordinate male employees (Head Custodian, Terry Oliver, and Assistant Head Custodian, Grady Brown) one of against Defendant's female contract workers. He opposed the conduct and attempted to end it by, inter alia, reporting it to his supervisor, Jorge Gomez and to Monica Batiste, Defendant's Human Resources Director. Byrd later filed a Charge with the Equal Employment Opportunity Commission.

Shortly after Plaintiff expressed his opposition to Defendant's employees engaging in sexual harassment and discrimination, Defendant retaliated against

Byrd in the terms and conditions of his employment. Specifically, Defendant advised Byrd that an investigation of his conduct had been initiated. Byrd was directed to rescind performance evaluations he had completed earlier for various subordinate employees, and Byrd's authority to supervise his subordinate employees was ended.

After reporting the sexual harassment complaints, Plaintiff discovered that the School District was not proceeding in any manner to investigate such complaints of sexual harassment, and Plaintiff was informed of continuing acts of sexual harassment by Brown and Oliver. Upon inquiring time and time again about the need to protect individuals from ongoing sexual harassment, Plaintiff was admonished by Ms. Batiste, who told Plaintiff that it wasn't his job to help the victim of sexual harassment. Ms. Batiste also threatened to issue Plaintiff a Letter of Direction if he tried to assist the victim with her sexual harassment complaint. Further, when Plaintiff expressed concern that Defendant failed the victim, Mr. Gomez told Plaintiff that he did not want to hear him speak like that again, and that he Plaintiff better decide whose side he's on.

Soon after Byrd's decision that he was on the side of a workplace free from sexual discrimination, his supervisory conditions and privileges of employment

were altered. These alterations included a prohibition from maintaining an open door policy to receive employee concerns (including concerns about harassment and discrimination), erecting obstacles to his ability to supervise employees directly, and prohibiting him from evaluating and directing subordinate employees who worked under his supervision as he was previously allowed prior to such opposition to sex discrimination in the workplace.

**<u>Relevant Rules, Regulations, Statutes and Illustrative Case Law:</u>**

**<u>Statutes</u>**

42 U.S.C.§ 2000e-3

**<u>Case Law</u>**

*Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023)

*Alkins v. Sheriff of Gwinnett Cnty*., No. 21-13746, 6 (11th Cir. Aug. 22, 2022)

*Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001)

*Gogel v. Kia Motors Mfg., Inc.*, 967 F.3d 1121, 1135 (11th Cir.2020)

*Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 860 (11th Cir. 2020)

*Crawford v. Carroll,* 529 F.3d 961, 973 (11th Cir. 2008)

**Items of Damage Claimed:**

1. Compensatory damages in the amount of $300,000 (42 U.S.C. § 1981a(b)(3); and

2. Costs paid by Plaintiff and attorneys' fees under the lode star statute (42 U.S.C. § 2000e-5(k); *Christiansburg Gannent Co. v. EEOC*, 434 U.S. 412, 422 (1978)

## ATTACHMENT D: DEFENDANT'S OUTLINE OF THE CASE

Defendant is Gwinnett County School District ("District") which operates the public elementary, middle, and high schools in Gwinnett County, Georgia except those located within the territorial boundaries of the city of Buford, Georgia. The District is an equal opportunity employer and forbids discrimination based on race, religion, gender, ethnicity, color, national origin, disability or age pursuant to Board Policy. Defendant's policies also prohibit retaliation. Additionally, the District has enacted a complaints and grievances policy with the purpose of providing a clear mechanism for employees alleging unlawful discrimination or harassment and/or retaliation to resolve their complaints. According to this policy, employees believing they have been or are being subjected to discrimination or retaliation are to present their complaints to the following: their immediate supervisor, human resources, the superintendent, the Gwinnett County Board of Education, and the State Board of Education. This internal formal complaint policy is found in the employee handbook and online at the Gwinnett County Board of Education's policy page. The District also offers a second, less formal complaint process, by which complaints may be addressed directly to a designated Human Resource Department representative.

Defendant Gwinnett County School District employed Plaintiff, Richard L. Byrd from 2006 until his resignation in September of 2021. Over the course of his employment, Plaintiff received generally satisfactory evaluations. However, in the summer of 2021, four separate employees who Plaintiff supervised alleged that he subjected them to unfair and discriminatory treatment. An investigation was conducted into Plaintiff's performance and allegations of unfair treatment by Michelle Burton, pursuant to the District's policies. After Plaintiff's subordinates raised concerns about his treatment of them, Plaintiff relayed concerns from a female employee of a third-party custodial vendor. Plaintiff did not witness any of the alleged events relayed by the third-party custodial vendor. The school district investigated those concerns separately and they were not substantiated. The allegations did not amount to actionable sexual harassment.

The School District completed its investigations into the concerns raised by four of Plaintiff's subordinates regarding Plaintiff's treatment of them in August of 2021. The investigation substantiated the concerns raised by Plaintiff's subordinates. As a result, the school district provided Plaintiff a letter of direction to remedy the performance concerns and provide guidance going forward. Defendant did not retract Plaintiff's supervisory authority or take any adverse

action against Plaintiff.

Plaintiff resigned his employment in September of 2021. Defendant denies Plaintiff's allegations of retaliation. Rather the Gwinnett County School District has treated him fairly and in accordance with District policies, procedures, and applicable law at all times.

**Relevant Rules, Regulations, Statutes and Illustrative Case Law:**

42 U.S.C. § 2000e-3(a)

42 U.S.C. § 1981a(b)(3)

Univ. of Texas SW Med. Cen. v. Nassar, 570 U.S. 338, 360 (2013)

Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)

Gogel v. Kia Motors Manufacturing of GA, Inc., 967 F.3d 1121 (11th Cir. 2020)

Crawford v. Carroll, 529 F.3d 961, 973-74 (11th Cir. 2008)

Springer v. Convergys Customer Mgmt. Grp. Inc., 509 F.3d 1344, 1349 (11th Cir. 2007)

Brooks v. Cty. Comm'n of Jefferson Cty., 446 F.3d 1160, 1163 (11th Cir. 2006)

Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001)

Johnson v. Booker T. Washington Broad. Serv., 234 F.3d 501, 507 n.6 (11th Cir. 2000)

## ATTACHMENT E: STIPULATED FACTS

None

## ATTACHMENT F-1: PLAINTIFF'S WITNESS LIST

Plaintiff will call:

**Richard Byrd**

Plaintiff may call:

**1. Michelle Burton**

**2. Dr. Monica Batiste**

**3. Jorge Gomez**

**4. Joyce Spraggs**

**5. Brittany Robinet**

**6. Adrian Reid**

**7. Michelle Smith**

**8. Deanne Sport**

**9. Abigail Valdez**

**10. David Larkins**

**11. Aaron Maharaj**

**12. Terry Oliver**

**13. Grady Brown**

**14. Johnny Givan**

**15. Karoline Beard**

**16. Brian Jack**

**17. Karla Johnson**

**18. Dena Tesch**

**19. Daniel “Danny” Archer**

**20. Jaime Snodgrass**

**21. Angelitta “Angie” Hill**

**22. James Leech**

**23. Latrell Merritt**

**24. Michael Gottschling**

**25. Robyn Rubin**

**26. Oluseun Ajayi, M.D.**

**27.J. Manuel Patino, M.D>**

**28.Taylor Cortez**

**29. Rhonda Allen**

**30.Louise Byrd Blackburn**

**31.Gwendolyn Byrd Wynn**

**32.Davonna Scott**

**33. Eastern Brashear**

**34. Sharrod Brown**

**35. Any witness identified on Defendant's witness list; and**

**36. Any witness necessary for rebuttal and/or impeachment testimony.**

## ATTACHMENT F-2: DEFENDANT'S WITNESS LIST

Defendant will call:

1. Jorge Gomez

Defendant may call:

1. Dr. Monica Batiste
2. Michelle Burton
3. Joyce Spraggs
4. Brittany Sebastian
5. Dr. Michele Smith
6. David Larkins
7. Aaron Maharaj
8. Terry Oliver
9. Grady Brown
10. Plaintiff

- Those individuals currently employed by Defendant may be contacted via counsel for Defendant.

## ATTACHMENT G-1: PLAINTIFF'S LIST OF DOCUMENTARY AND PHYSICAL EVIDENCE

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Gwinnett County School District Personnel Handbook 2021-2022 |
| 2 | Gwinnett County School District Complaint Procedure |
| 3 | Gwinnett County School District Supervisor/HR Instructions (GCSD0952-GCSD0962) |
| 4 | Grady Brown Job Description |
| 5 | Terry Oliver Job Description |
| 6 | Batiste Deposition Exhibit 2 |
| 7 | Batiste Deposition Exhibit 3 |
| 8 | Byrd Letter of Direction to G. Brown dated 6/8/21 |
| 9 | Byrd/HR Employee M. Lattimore emails of 6/8/21 re: G. Brown Letter of Direction (Byrd Deposition Exhibit 11) |
| 10 | LM statement of complaint of sexual harassment dated 7/9/21 |
| 11 | Lacosta 8/3/21 letter to School District terminating contract |
| 12 | Batiste Deposition Exhibit 4 |

| | |
|---|---|
| 13 | Batiste Deposition Exhibit 13 |
| 14 | Batiste Deposition Exhibit 7 |
| 15 | Byrd 6/29/21 email to HR Representative Michelle Burton re: Investigation Questions |
| 16 | LM statement of complaint of sexual harassment dated 7/9/21 (Batiste Deposition Exhibit 5) |
| 17 | Docket Doc. 52-6 V.J. Disciplinary File |
| 18 | Byrd Grady Brown Performance Review memo dated 6/16/21 |
| 19 | Batiste Deposition Exhibit 15 |
| 20 | Batiste Deposition Exhibit 16 |
| 21 | LM 6/29/21 statement of School District employees' sexual harassment |
| 22 | Second Lacosta employee 7/9/21 complaint re: Brown & Oliver gender discrimination |
| 23 | Batiste Deposition Exhibit 18 |
| 24 | Connected Minds Medical Records(12/21-5/2/24 or as updated) |

| | |
|---|---|
| 25 | Connected Minds Medical Services Billing (12/21-5/2/24 or as updated) |
| 26 | Byrd Email to David Larkins 3-16-21 Memo of Record |
| 27 | Byrd Aaron Maharaj 5-13-21 Memo of Record |
| 28 | 2021 Building Maintenance Services Proposed Contract |
| 29 | July 12, 2021 Richard Byrd Audio Recording of Meeting with Monica Batiste |
| 30 | Gomez Deposition Exhibit 1 |
| 31 | Gomez Deposition Exhibit 2 |
| 32 | Dr. Patino July 23, 2021 Richard Byrd medical leave note |
| 33 | J. Givens contractor Invoice Payment 7/22/21 |
| 34 | Dr. Patino 7/21/21 Labcorp results |
| 35 | Docket Doc. 52-7 W.P. Letter of Direction |
| 36 | 8 Gomez Deposition Exhibit 3 |
| 37 | Defendant's 2nd Supplemental Response to Interrogatories |
| 38 | Byrd document: Grady Brown Performance Review and Retaliation Grievance Grady Brown Performance Review: 06-16-2021 |

| | |
|---|---|
| 39 | Byrd , July 7, 2021 email to D.Tesch,et al (Batiste Deposition Exhibit 8) |
| 40 | Gomez Deposition Exhibit 6 |
| 41 | Batiste deposition Exhibit 6 |
| 42 | Batiste deposition Exhibit 9 |
| 43 | Batiste deposition Exhibit 14 |
| 44 | Batiste deposition Exhibit 17 |
| 45 | Batiste deposition Exhibit 18 |
| 46 | Gomez deposition Exhibit 4 |
| 47 | Gomez deposition Exhibit 8 |
| 48 | Gomez deposition Exhibit 18 |
| 49 | Defendant's Responses and Objections to Plaintiff's First Interrogatories |
| 50 | Gomez Deposition Exhibit 7 |
| 51 | GCSD Facilities Manager Job Description |
| 52 | Gomez deposition Exhibit 5 |
| 53 | Gomez deposition Exhibit 20 |

| | |
|---|---|
| 54 | Gomez deposition Exhibit 23 |
| 55 | Gomez Deposition Exhibit 9 |
| 56 | Gomez Deposition Exhibit 10 |
| 57 | Byrd deposition Exhibit 21 |
| 58 | Byrd deposition Exhibit 24 |
| 59 | Byrd deposition Exhibit 6 |
| 60 | Byrd deposition Exhibit 10 |
| 61 | Byrd deposition Exhibit 20 |
| 62 | Byrd deposition Exhibit 13 |
| 63 | Byrd deposition Exhibit 14 |
| 64 | Byrd deposition Exhibit 24 |
| 65 | Byrd deposition Exhibit 26 |
| 66 | Docket Doc. 52-8 Job Description |
| 67 | 2/23/23 Defendant Stipulation (Plaintiff's MSJ Ex. 8) |
| 68 | 2021 A. Maharaj Performance Evaluation |
| 69 | Batiste deposition Exhibit 10 |
| 70 | Batiste deposition Exhibit 11 |

| | |
|---|---|
| 71 | Batiste deposition Exhibit 12 |
| 72 | Gomez Deposition Exhibit 11 |
| 73 | Gomez Deposition Exhibit 12 |
| 74 | June 8, 2021 email from Richard Byrd to Mia Lattimore (Byrd Deposition Exhibit 11) |
| 75 | Gomez Deposition Exhibit 13 |
| 76 | Gomez Deposition Exhibit 14 |
| 77 | Gomez Deposition Exhibit 15 |
| 78 | Gomez Deposition Exhibit 16 |
| 79 | Gomez Deposition Exhibit 17 |
| 80 | Gomez Deposition Exhibit 19 |
| 81 | Gomez Deposition Exhibit 21 |
| 82 | Gomez Deposition Exhibit 22 |
| 83 | Gomez Deposition Exhibit 25 |
| 84 | Gomez Deposition Exhibit 26 |
| 85 | Reid Deposition Exhibit 1 |
| 86 | Allen Deposition Exhibit 1 |
| 87 | Allen Deposition Exhibit 2 |

| | |
|---|---|
| 88 | Allen Deposition Exhibit 3 |
| 89 | Brown Deposition Exhibit 1 |
| 90 | Brown Deposition Exhibit 2 |
| 91 | Brown Deposition Exhibit 3 |
| 92 | Brown Deposition Exhibit 4 |
| 93 | Brown Deposition Exhibit 5 |
| 87 | Byrd Deposition Exhibit 8 |
| 88 | Byrd Deposition Exhibit 11 |
| 89 | Byrd Deposition Exhibit 17 |
| 90 | Byrd Deposition Exhibit 19 |
| 91 | July 12, 2021 audio recording of conversation among Batiste, Burton and Byrd |
| 92 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 72 |
| 93 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 73 |
| 92 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 74 |

| | |
|---|---|
| 93 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 77 |
| 94 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 6 |
| 95 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 19 |
| 96 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 21 |

**Objections to Plaintiff's List of Documentary and Physical Evidence**

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Gwinnett County School District Personnel Handbook 2021-2022<br>No objection |
| 2 | Gwinnett County School District Complaint Procedure<br>No objection |
| 3 | Gwinnett County School District Supervisor/HR Instructions<br>No objection |
| 4 | Grady Brown Job Description<br>No objection |
| 5 | Terry Oliver Job Description<br>No objection |
| 6 | Batiste Deposition Exhibit 2<br>No objection |
| 7 | Batiste Deposition Exhibit 3<br>Objection: hearsay, relevancy |
| 8 | Byrd Letter of Direction to G. Brown dated 6/8/21<br>No objection |
| 9 | Byrd/HR Employee M. Lattimore emails of 6/8/21 re: G. Brown Letter of Direction (Byrd Deposition Exhibit 11)<br>No objection |
| 10 | LM statement of complaint of sexual harassment dated 7/9/21<br>Objection to the characterization of this document |
| 11 | Lacosta 8/3/21 letter to School District terminating contract<br>Objection: relevancy, hearsay, calls for a legal conclusion |
| 12 | Batiste Deposition Exhibit 4<br>Objection: relevancy; hearsay; authenticity |
| 13 | Batiste Deposition Exhibit 13<br>No objection |
| 14 | Batiste Deposition Exhibit 7<br>No objection |
| 15 | Byrd 6/29/21 email to HR Representative Michelle Burton re: Investigation Questions<br>No objection |

| | |
|---|---|
| 16 | LM statement of complaint of sexual harassment dated 7/9/21 (Batiste Deposition Exhibit 5)<br>Objection to the characterization of this document |
| 17 | Docket Doc. 52-6 V.J. Disciplinary File<br>Objection: hearsay; relevancy |
| 18 | Byrd Grady Brown Performance Review memo dated 6/16/21<br>No objection |
| 19 | Batiste Deposition Exhibit 15<br>No objection |
| 20 | Batiste Deposition Exhibit 16<br>No objection |
| 21 | LM 6/29/21 statement of School District employees' sexual harassment<br>Objection to the characterization of this document; object to hearsay; authenticity |
| 22 | Second Lacosta employee 7/9/21 complaint re: Brown & Oliver gender discrimination<br>Objection: relevancy; hearsay; authenticity; duplicative |
| 23 | Batiste Deposition Exhibit 18<br>Objection: relevancy, hearsay, calls for a legal conclusion; duplicative |
| 24 | Connected Minds Medical Records(12/21-5/2/24 or as updated)<br>Objection: authenticity, hearsay, relevancy |
| 25 | Connected Minds Medical Services Billing (12/21-5/2/24 or as updated)<br>Objection: Defendant is unclear to what Exhibit 25 refers. Defendant preserves all objections until it knows the identity of Exhibit 25. |
| 26 | Byrd Email to David Larkins 3-16-21 Memo of Record<br>Assuming this is the email Byrd sent March 16, 2021 at 4:54pm; no objection. If Exhibit 26 is something else, Defendant preserves all objections until it knows the identity of Exhibit 26. |
| 27 | Byrd Aaron Maharaj 5-13-21 Memo of Record<br>No objection |
| 28 | 2021 Building Maintenance Services Proposed Contract<br>Objection: relevancy |

| | |
|---|---|
| 29 | July 12, 2021 Richard Byrd Audio Recording of Meeting with Monica Batiste<br>Objection: authenticity and hearsay |
| 30 | Gomez Deposition Exhibit 1<br>Objection: duplicative |
| 31 | Gomez Deposition Exhibit 2<br>Objection: incomplete |
| 32 | Dr. Patino July 23, 2021 Richard Byrd medical leave note<br>Objection: relevancy and hearsay |
| 33 | J. Givens contractor Invoice Payment 7/22/21<br>Objection: relevancy |
| 34 | Dr. Patino 7/21/21 Labcorp results<br>Objection: relevancy and hearsay |
| 35 | Docket Doc. 52-7 W.P. Letter of Direction<br>Objection: hearsay; relevancy |
| 36 | Gomez Deposition Exhibit 3<br>No objection |
| 37 | Defendant's 2nd Supplemental Response to Interrogatories<br>Objection: hearsay, legal conclusion, relevancy |
| 38 | Byrd document: Grady Brown Performance Review and Retaliation Grievance Grady Brown Performance Review: 06-16-2021<br>No objection |
| 39 | Byrd , July 7, 2021 email to D.Tesch,et al (Batiste Deposition Exhibit 8)<br>Objection: hearsay |
| 40 | Gomez Deposition Exhibit 6<br>No objection |
| 41 | Batiste deposition Exhibit 6<br>Objection: authenticity, hearsay |
| 42 | Batiste deposition Exhibit 9<br>Objection: authenticity, hearsay |
| 43 | Batiste deposition Exhibit 14<br>No objection |
| 44 | Batiste deposition Exhibit 17<br>Objection: relevancy |
| 45 | Batiste deposition Exhibit 18<br>Objection: relevancy, hearsay, calls for a legal conclusion |

| | |
|---|---|
| 46 | Gomez deposition Exhibit 4<br>No objection |
| 47 | Gomez deposition Exhibit 8<br>No objection |
| 48 | Gomez deposition Exhibit 18<br>Objection: authenticity |
| 49 | Defendant's Responses and Objections to Plaintiff's First Interrogatories<br>Objection: hearsay, legal conclusion, relevancy |
| 50 | Gomez Deposition Exhibit 7<br>No objection |
| 51 | GCSD Facilities Manager Job Description<br>No objection |
| 52 | Gomez deposition Exhibit 5<br>No objection |
| 53 | Gomez deposition Exhibit 20<br>No objection |
| 54 | Gomez deposition Exhibit 23<br>No objection |
| 55 | Gomez Deposition Exhibit 9<br>No objection |
| 56 | Gomez Deposition Exhibit 10<br>Objection: duplicative, hearsay, relevancy as to total document |
| 57 | Byrd deposition Exhibit 21<br>Objection: relevancy and hearsay |
| 58 | Byrd deposition Exhibit 24<br>No objection |
| 59 | Byrd deposition Exhibit 6<br>No objection |
| 60 | Byrd deposition Exhibit 10<br>No objection |
| 61 | Byrd deposition Exhibit 20<br>Objection: duplicative |
| 62 | Byrd deposition Exhibit 13<br>No objection |
| 63 | Byrd deposition Exhibit 14<br>No objection |

| | |
|---|---|
| 64 | Byrd deposition Exhibit 24<br>Objection: duplicative |
| 65 | Byrd deposition Exhibit 26<br>No objection |
| 66 | Docket Doc. 52-8 Job Description<br>No objection |
| 67 | 2/23/23 Defendant Stipulation (Plaintiff's MSJ Ex. 8)<br>Objection to this document, but do not object to the fact set forth therein. |
| 68 | 2021 A. Maharaj Performance Evaluation<br>No objection |
| 69 | Batiste deposition Exhibit 10<br>No objection |
| 70 | Batiste deposition Exhibit 11<br>No objection |
| 71 | Batiste deposition Exhibit 12<br>No objection |
| 72 | Gomez Deposition Exhibit 11<br>No objection |
| 73 | Gomez Deposition Exhibit 12<br>Objection: duplicative, hearsay, relevancy as to total document |
| 74 | June 8, 2021 email from Richard Byrd to Mia Lattimore (Byrd Deposition Exhibit 11)<br>No objection |
| 75 | Gomez Deposition Exhibit 13<br>Objection: duplicative; hearsay |
| 76 | Gomez Deposition Exhibit 14<br>Objection: duplicative; incomplete |
| 77 | Gomez Deposition Exhibit 15<br>Objection: duplicative |
| 78 | Gomez Deposition Exhibit 16<br>Objection: relevancy; duplicative |
| 79 | Gomez Deposition Exhibit 17<br>Objection: duplicative; same objection as above |
| 80 | Gomez Deposition Exhibit 19<br>Objection: duplicative; relevancy; same objection as above |

| | |
|---|---|
| 81 | Gomez Deposition Exhibit 21<br>No objection |
| 82 | Gomez Deposition Exhibit 22<br>No objection |
| 83 | Gomez Deposition Exhibit 25<br>No objection |
| 84 | Gomez Deposition Exhibit 26<br>No objection |
| 85 | Reid Deposition Exhibit 1<br>Objection: duplicative; same objections as above |
| 86 | Allen Deposition Exhibit 1<br>Objection: duplicative |
| 87 | Allen Deposition Exhibit 2<br>Objection: relevance |
| 88 | Allen Deposition Exhibit 3<br>duplicative |
| 89 | Brown Deposition Exhibit 1<br>No objection |
| 90 | Brown Deposition Exhibit 2<br>No objection |
| 91 | Brown Deposition Exhibit 3<br>duplicative |
| 92 | Brown Deposition Exhibit 4<br>duplicative |
| 93 | Brown Deposition Exhibit 5<br>duplicative |
| 87 | Byrd Deposition Exhibit 8<br>No objection |
| 88 | Byrd Deposition Exhibit 11<br>duplicative |
| 89 | Byrd Deposition Exhibit 17<br>Objection: hearsay; relevancy |
| 90 | Byrd Deposition Exhibit 19<br>Objection: hearsay; relevancy; authenticity |
| 91 | July 12, 2021 audio recording of conversation among Batiste, Burton and Byrd<br>Objection: authenticity; hearsay |

| | |
|---|---|
| 92 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 72<br>Objection: identified after close of discovery |
| 93 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 73<br>Objection: identified after close of discovery |
| 92 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 74<br>Objection: identified after close of discovery |
| 93 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 77<br>Objection: identified after close of discovery |
| 94 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 6<br>Duplicative |
| 95 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 19<br>Duplicative |
| 96 | Byrd Discovery Response to Defendant's Document Request, identified as Byrd Discovery Ex. 21<br>Duplicative |

**ATTACHMENT G-2: DEFENDANT'S LIST OF DOCUMENTARY AND PHYSICAL EVIDENCE**

| Exhibit | Description |
|---|---|
| 1 | Board Policy GAA - Byrd Deposition Ex. 6 |
| 2 | GCPS Acknowledgement Form – Byrd Deposition Ex. 4 |
| 3 | Board Policy GAE – Byrd Deposition Ex. 5 |
| 4 | Documenting Employee Performance-A Guide for Principals and Supervisors – Batiste Deposition Ex. 19 |
| 5 | Email from Byrd to Larkins 3.16.21 Byrd Deposition Ex. 9 |
| 6 | 3.16.21 Audio Recording – Plaintiff's Ex. 67 |
| 7 | Larkins 2020-21 Performance Evaluation – Byrd Deposition Ex. 13; Larkins Affidavit Ex. 1 |
| 8 | Byrd Letter of Direction – Byrd Deposition Ex. 24 |
| 9 | 7.23.21 Medical Note for Byrd – Byrd Deposition Ex. 20 |
| 10 | 8.5.21 Medical Note for Byrd – Byrd Deposition Ex. 21 |
| 11 | Byrd Resignation Email – Byrd Deposition Ex. 27 |
| 12 | Burton/Byrd Email Correspondence regarding "LM" allegation – Byrd Deposition Ex. 16 |
| 13 | 2.14.07 Byrd Job Description Assessment – Byrd Deposition Ex. 2 |
| 14 | 2021-22 Byrd Job Description Assessment – Byrd Deposition Ex. 25 |
| 15 | G. Brown investigation findings – GCSD-569 to GCSD-573 |
| 16 | A. Maharaj investigation findings – GCSD-665 to GCSD-669 |
| 17 | D. Larkins investigation findings – GCSD-690 to GCSD-693 |
| 18 | T. Oliver investigation findings – GCSD-793 to GCSD-796 |
| 19 | A. Maharaj 2020-21 job description assessment – GCSD-674 to GCSD-688 |
| 20 | T. Oliver 2020-21 job description assessment – GCSD-548 to GCSD-559 |
| 21 | Byrd Confidentiality Agreement – Byrd Deposition Ex. 3 |
| 22 | Professional Learning Transcript – Byrd Deposition Ex. 7 |
| 23 | ISC Facilities Team Meeting Minutes – Byrd Deposition Ex. 10 |
| 24 | 6.15.21 Email from Burton to Byrd – Byrd Deposition Ex. 12 |
| 25 | 6.20.21 Byrd response to Larkins complaint – Byrd Deposition Ex. 14 |
| 26 | 6.25.21 Byrd email to LaCosta – Byrd Deposition Ex. 15 |
| 27 | 6.29.21 Byrd email to Burton – Byrd Deposition Ex. 18 |

| | |
|---|---|
| 28 | Decisions/Summary Updates – Byrd Deposition Ex. 23 |
| 29 | GCPS Personnel Handbook – P. Ex. 16; GCSD-853 to GCSD-902 |
| 30 | 6.24.21 Maharaj Areas of Concern – GCSD-8 |
| 31 | 3.16.21 Larkins Memo of Record – GCSD-9 to GCSD-10 |
| 32 | T. Oliver reports of concerns GCSD-16 to GCSD-18 |
| 33 | 6.8.21 Byrd Ltr to Brown – GCSD-63 to GCSD-65 |
| 34 | Byrd Response to Oliver Grievance – GCSD-560 to GCSD-567 |
| 35 | Burton Notes re: Maharaj Investigation – GCSD-669 |
| 36 | 6.28.21 Maharaj Areas of Concern – GCSD-670 to GCSD-673 |
| 37 | 6.11.21 Larkins Complaint to Burton – GCSD-695 to GCSD-696 |
| 38 | 6.20.21 Byrd Response to Larkins Complaint – GCSD-704 to GCSD-706 |
| 39 | 6.24.21 Burton to Byrd email GCSD-725 |
| 40 | Byrd Timeline Response to Larkins Complaint GCSD-739 to GCSD-745 |
| 41 | 6.18.21 Byrd/Burton meeting emails GCSD-746 |
| 42 | Facilities Manager Job Description GCSD-771 to GCSD-773 |
| 43 | Emails to Brittany Sebastian GCSD-1041 to GCSD-1063 |
| 44 | Burton to Byrd requesting statement GCSD-765 |
| 45 | Brown investigation pictures GCSD-582 to GCSD-588 |
| 46 | 6.8.21 Email Byrd to Oliver & Email scheduling performance reviews GCSD-595-596 |

**Objections to Defendant's List of Documentary and Physical Evidence**

None.

## ATTACHMENT H-1: PLAINTIFF'S TRIAL BRIEFS

Plaintiff will address any necessary evidentiary issues as they are brought before the Court during the trial of the matter.

Plaintiff will respond to any of Defendant's motions or issues as required.

## ATTACHMENT H-2: DEFENDANT'S TRIAL BRIEFS

Defendant will address any necessary evidentiary issues as they are brought before the Court during the trial of the matter.

Additionally, Defendant anticipates submitting motions in limine prior to trial.

Defendant will respond to any of Plaintiff's motions or issues as required.

## <u>ATTACHMENT I: SPECIAL INTERROGATORIES TO THE JURY</u>

**<u>Plaintiff proposes:</u>**

Do you find from a preponderance of the evidence:

1. That Plaintiff engaged in statutorily protected activity, that is, he in good faith asserted reasonable claims or complaints of conduct by school district employees that is prohibited by federal law.

   Answer Yes or No:

2. That Plaintiff suffered an adverse action, that is, adverse changes to his working conditions after he complained of the conduct by his co-workers?

   Answer Yes or No:

3. That the Defendant's decision to alter his working conditions would not have occurred but for Plaintiff's complaints of sex discrimination by co-workers?

   Answer Yes or No:

   [<u>Note</u>: If you answered No to any of the questions above, you need not answer the remaining questions.]

4. That Plaintiff should be awarded damages to compensate for emotional pain and suffering?

Answer Yes or No:

If your answer is YES, in what amount? $________

SO SAY WE ALL

Executed on ________________, at Atlanta, Georgia.

By________________________
Jury Foreperson

**<u>Defendant proposes</u>:**

**<u>SPECIAL INTERROGATORIES TO THE JURY</u>**

**I. <u>Retaliation</u>**

**A. Did Plaintiff prove by a preponderance of the evidence a *prima facie* case of retaliation by showing that he engaged in statutorily protected activity?**

YES _______ NO _________

**B. Did Plaintiff prove by a preponderance of the evidence a *prima facie* case of retaliation by showing that suffered an adverse employment action?**

YES _______ NO _________

**C. Did Plaintiff prove by a preponderance of the evidence a *prima facie* case of retaliation by showing that he would not have suffered the adverse employment action but for his statutorily protected activity?**

YES _______ NO _________

**D. Did Plaintiff prove by a preponderance of the evidence that the reasons offered by Gwinnett County School District were (a) false and (b) the real reason was retaliation?**

YES _______ NO _________

**E. If yes, has Gwinnett County School District shown by a preponderance of the evidence that it would have taken the same adverse employment actions even if Gwinnett County School District had not taken Plaintiff's protected activity into account?**

YES _______ NO _________

**F. If yes, has Gwinnett County School District shown by a preponderance of the evidence that it would have taken the same adverse employment actions even if it had not taken Plaintiff's protected activity into account?**

YES _______ NO _________

**II. <u>Damages</u>**

**A. Did Plaintiff prove by a preponderance of the evidence that he is entitled to compensatory damages?**

YES _______ NO _______ If YES, state the amount: ______

**B. If yes, did Gwinnett County School District successfully prove that Plaintiff's compensatory damages should be reduced in part or completely?**

YES _______ NO _______ If YES, state the reduction amount: ______

SO SAY WE ALL

Executed on ________________, at Atlanta, Georgia.

By________________________
Jury Foreperson