IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD L. BYRD,

Plaintiff,

v.

THE GWINNETT COUNTY SCHOOL DISTRICT,

Defendant.

Civil Action 1:22-CV-01457-SDG

COMES NOW, the Parties and submit the proposed jury instructions and verdict form pursuant to the Court's Standing Order Regarding Civil Litigation.

**PROPOSED JURY INSTRUCTIONS**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

**REQUEST TO CHARGE NO. 1**

## DUTY TO FOLLOW INSTRUCTIONS

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**(Authority: Eleventh Circuit Pattern Jury Instructions 3.2 (2024 rev.))**

## REQUEST TO CHARGE NO. 2

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. Anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**(Authority: Eleventh Circuit Pattern Jury Instructions 3.3 (2024 rev.))**

**REQUEST TO CHARGE NO. 3**

**CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**(Authority: Eleventh Circuit Pattern Jury Instructions 3.4 (2024 rev.))**

**REQUEST TO CHARGE NO. 4**

**IMPEACHMENT OF WITNESSES**
**BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**(Authority: Eleventh Circuit Pattern Jury Instructions 3.5.1 (2024 rev.))**

**REQUEST TO CHARGE NO. 5**

**RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIM – PREPONDERANCE OF THE EVIDENCE**

In this case it is the responsibility of Mr. Byrd to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Byrd's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Byrd.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of one of Mr. Byrd's claim by a preponderance of the evidence, you should find for Gwinnett County School District.

**(Authority: Eleventh Circuit Pattern Jury Instructions 3.7.1 (2024 rev.))**

**DEFENDANT'S REQUEST TO CHARGE NO. 6**

**TITLE VII - RETALIATION**

In this case, Richard Byrd claims that the Gwinnett County School District retaliated against him because he took steps to enforce lawful rights of a custodial contractor under Title VII. Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

An employee may make a discrimination complaint as a means to enforce what he believed in good faith to be a violation of Title VII. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights.

To establish "good faith," however, it is insufficient for Mr. Byrd merely to allege that his belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

Mr. Byrd claims that Gwinnett County School District engaged in adverse employment actions because he relayed a complaint of sexual harassment made by a female custodial contractor of Gwinnett County School District to Human

Resources. Specifically, Mr. Byrd alleges that Mr. Gomez issued him a Letter of Direction.

Gwinnett County School District denies Mr. Byrd's claim and asserts that Mr. Gomez issued the Letter of Direction because of Mr. Byrd's use of unfair evaluation practices and improper treatment of his subordinate employees, not his subsequent relaying a concern of alleged sexual harassment. Four employees filed separate complaints against him alleging unfair treatment causing the District to start its investigation. The District initiated its investigation into Mr. Byrd before he alerted the District of the alleged sexual harassment concern.

To succeed on his claim, Mr. Byrd must prove each of the following facts by a preponderance of the evidence:

- First: He engaged in a protected activity;
- Second: Gwinnett County School District then took an adverse employment action;
- Third: Gwinnett County School District took the adverse employment action because of Mr. Byrd's protected activity; and
- Fourth: Mr. Byrd suffered damages because of the adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Mr. Byrd claims that he engaged in protected activity when he relayed a concern about potential sexual harassment made by a custodial contractor to the Gwinnett County School District Human Resources department. That action is "protected activity" if it was based on Mr. Byrd's good-faith, reasonable belief that Gwinnett County School District discriminated against a contract custodial worker because of her sex.

Mr. Byrd had a "good faith" belief if he honestly believed that Gwinnett County School District discriminated against Latara Merritt because of sex. Mr. Byrd had a "reasonable" belief if a reasonable person would, under the circumstances, believe that Gwinnett County School District discriminated against Latara Merritt because of sex. Mr. Byrd does not have to prove that the Gwinnett County School District actually discriminated against Ms. Merritt because of her sex. But he must prove that he had a good-faith, reasonable belief that the Gwinnett County School District did so.

For the second element, Mr. Byrd claims that Gwinnett County School District took an adverse employment action against him when Mr. Gomez issued Mr. Byrd a Letter of Direction. You must decide whether this conduct occurred and if it did occur was it an adverse employment action.

An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to oppose an act they viewed as discrimination.

Put another way, if a reasonable employee would be less likely to complain about or oppose alleged discrimination because he knew that the School District would take the actions against Mr. Byrd that I described, then that action is an adverse employment action. The action must also be material as opposed to trivial. Put another way, the action must have a materially adverse effect on Mr. Byrd. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination or if it is not material, it is not an adverse employment action.

For the third element, if you find that Mr. Byrd engaged in protected activity and that the Gwinnett County School District took an adverse employment action against him, you must decide whether the School District took that action because of Mr. Byrd's protected activity. Put another way, you must decide whether Mr. Byrd's protected activity was the main reason for the School District's decision.

To determine that Gwinnett County School District took an adverse employment action because of Mr. Byrd's protected activity, you must first find that, all other things remaining the same, the School District would not have taken the action had Mr. Byrd not engaged in the protected activity but everything else stayed the same.

Gwinnett County School District claims that it did not take the above action because of Mr. Byrd's relaying the complaint of the contractor worker and that it

took the actions because of Mr. Byrd's use of unfair evaluation practices and improper treatment of his subordinate employees. Four employees filed separate complaints against him alleging unfair treatment causing the District to start its investigation. The District initiated its investigation into Mr. Byrd before he alerted the District of the alleged sexual harassment concern.

An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may conduct an adverse employment action against an employee for any other reason, good or bad, fair or unfair.

If you believe Gwinnett County School District's reasons for its decision, and you find that the School District did not make its decision because of Mr. Byrd's protected activity, you must not second guess that decision, and you must not substitute your own judgment for the School District's judgment – even if you do not agree with it.

As I have explained, Mr. Byrd has the burden to prove that Gwinnett County School District's decision to issue a Letter of Direction was because of his protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether the School District's employment actions were because of Mr. Byrd's protected activity, you may consider the circumstances of the School District's decision. For example, you may consider whether you believe

the reason that the School District gave for the decisions. If you do not believe the reason that it gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether Gwinnett County School District's acts were the proximate cause of damages that Richard Byrd sustained. Put another way, you must decide, if Mr. Gomez had not issued Mr. Byrd a Letter of Direction would these damages have occurred?

**(Authority: Eleventh Circuit Pattern Jury Instructions 4.22 (2024 rev.); *Crawford v. Carroll*, 529 F.3d 961, 968 (11th Cir. 2008); *Clark v. S. Broward Hosp. Dist.*, 601 F. App'x 886, 893 (11th Cir. 2015); *Barnett v. Athens Regional Medical Center, Inc.* 550 Fed. App'x 711, 715-716 (11th Cir. 2013) (holding that an adverse action in a retaliation case still must be a "material adversity" and that "neither the reprimands, the negative evaluation, nor the denial of [plaintiff's] vacation request were adverse employment actions").)**

**<u>Plaintiff's Basis for Opposing Defendant's Proposed Charge No. 6 and for Using Plaintiff's Proposed Charge No. 6</u>**

The Court's decision on summary judgment in this case was clear. It reads, in relevant part,

"[T]he occurrences that Byrd asserts constituted adverse employment action against him by the District are as follows:

1. Byrd was warned by Gomez that "actions have consequences," and told that "You had better decide whose side you're on";

2. Byrd was warned by Batiste that he could be issued a disciplinary Letter of Direction;

3. A disciplinary Memo of Record that Byrd issued to Larkins was rescinded;

4. A disciplinary Letter of Direction that Byrd caused to be issued to Brown was rescinded;

5. Byrd's negative annual performance evaluations of Larkins, Maharaj, Oliver, and Brown were rescinded;

6. Byrd's supervisory directive establishing communication protocols between District employees and contract workers was rescinded;

7. Byrd's supervisory directive setting Larkins's and Maharaj's work hours was rescinded;

8. A security camera that Byrd had installed, and which had been in place for two years, was removed; and,

9. Byrd was issued a disciplinary Letter of Direction by Gomez.

These actions occurred over the course of two months, between July 1 and August 24, 2021. *The question before the Court is whether a reasonable jury could find that the above evidence supports the conclusion that Byrd suffered an "adverse employment action" under the four legal standards in play. The Court determines that a reasonable jury could do so*, but only with respect to Byrd's Title VII retaliation claim." (Doc. 67 pp.8-9 (emphasis added))

For Defendant to attempt to re-argue its summary judgment motion is unhelpful. Plaintiff asserts and the jury instructions should read that the adverse actions complained of are as stated by Plaintiff:

that Gwinnett County School District's decision to

- warn Richard Byrd that "You had better decide whose side you're on";
- warn Mr. Byrd that he could be issued a disciplinary Letter of Direction;
- rescind a disciplinary Letter of Direction that Mr. Byrd caused to be issued to Grady Brown;;
- rescind Mr. Byrd's negative annual performance evaluations of Terry Oliver and Grady Brown;
- rescind Mr. Byrd's supervisory directive establishing communication protocols between District employees and contract workers;
- remove a security camera that Mr. Byrd had installed; and,
- issue a disciplinary Letter of Direction to Mr. Byrd

were because of Richard Byrd's protected activity. Defendant's

Jury Instruction No. 6, focuses solely on the Letter of Direction. The thrust of

Defendant's preference for its Instruction is that the other alleged adverse actions

are not material. Looking at Defendant's very same argument during summary judgment proceedings, the Court held that the Letter of Direction was in itself a material adverse action and that "while other of the District's actions are not independently actionable under Title VII, the relatively short amount of time over which the actions were taken (less than two months) gives rise to the reasonable inference that they were taken as part of a single course of disciplinary action. Collectively, the discipline Byrd received amounted to much more than the petty and trivial slights common to any workplace. A jury could find that a reasonable employee, faced with the prospect of such discipline, might well be dissuaded from reporting sex discrimination." (Doc. 67, p.11)

The Court has ruled on this issue and Plaintiff's Jury Instruction No. 6 should be used.

Moreover, Defendant's Proposed Instruction No. 6 has no recitation of pretext. The absence of a pretext instruction in a circumstantial evidence retaliation case makes no sense.

**PLAINTIFF'S REQUEST TO CHARGE NO. 6**

**TITLE VII - RETALIATION**

In this case, Richard Byrd claims that the Gwinnett County School District retaliated against him because he took steps to enforce his lawful rights under Title VII. Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

An employee may make a discrimination complaint as a means to enforce what he believed in good faith to be a violation of Title VII.

Even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights to oppose a discriminatory practice such as sexual harassment.

To establish "good faith," however, it is insufficient for Mr. Byrd merely to allege that his belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

Richard Byrd claims that Gwinnett County School District engaged in adverse employment actions because Mr. Byrd opposed what he viewed as sexual harassment by a subordinate of one of Defendant's female contractor. Specifically, Richard Byrd alleges the following adverse actions:

- Mr. Byrd was warned by Defendant's Executive Director for Administration and Policy Jorge Gomez that "You had better decide whose side you're on";
- Mr. Byrd was warned by Batiste that he could be issued a disciplinary Letter of Direction;
- A disciplinary Letter of Direction that Mr. Byrd caused to be issued to Grady Brown was rescinded;
- Mr. Byrd's negative annual performance evaluations of Terry Oliver, and Grady Brown were rescinded;
- Mr. Byrd's supervisory directive establishing communication protocols between District employees and contract workers was rescinded;
- A security camera that Mr. Byrd had installed, and which had been in place for two years, was removed; and,
- Mr. Byrd was issued a disciplinary Letter of Direction by Gomez.

Gwinnett County School District denies Richard Byrd's claim and asserts that Mr. Gomez issued the Letter of Direction because of Mr. Byrd's use of unfair evaluation practices and improper treatment of his subordinate employees, not his

subsequent relaying a concern of alleged sexual harassment. Four employees filed separate complaints against him alleging unfair treatment causing the District to start its investigation. The District initiated its investigation into Mr. Byrd before he alerted the District of the alleged sexual harassment concern.

To succeed on his claim, Richard Byrd must prove each of the following facts by a preponderance of the evidence:

- First: Mr. Byrd engaged in a protected activity;
- Second: Gwinnett County School District then took an adverse employment action;
- Third: Gwinnett County School District took the adverse employment action because of Richard Byrd's protected activity; and
- Fourth: Richard Byrd suffered damages because of the adverse employment action. In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Richard Byrd claims that he engaged in protected activity when he sought to investigate the allegation of sexual harassment by a subordinate and sought to discipline the employee and that employees immediate supervisor. That action is "protected activity" if it was based on Richard Byrd's good-faith, reasonable belief that Gwinnett County School District discriminated

against Latara Merritt (the contract employee of Defendant) because of her gender when no remedial action was taken after her complaints.

Mr. Byrd had a “good faith” belief if he honestly believed that Gwinnett County School District discriminated against Latara Merritt because of sex.

Mr. Byrd had a “reasonable” belief if a reasonable person would, under the circumstances, believe that Gwinnett County School District discriminated against Latara Merritt because of sex.

Richard Byrd does not have to prove that the School District actually discriminated against Ms. Merritt because of gender But he must prove that he had a good-faith, reasonable belief that the School District] did so.

For the second element, Richard Byrd claims that Gwinnett County School District took an adverse employment action against him when:

Jorge Gomez warned Richard Byrd that Byrd had better decide whose side he was on;

Monica Batiste warned Mr. Byrd that he could be issued a disciplinary Letter of Direction;

The Letter of Direction that Mr. Byrd caused to be issued to Grady Brown was rescinded;

Mr. Byrd’s negative annual performance evaluations of Terry Oliver, and Grady Brown were rescinded;

Mr. Byrd's supervisory directive establishing communication protocols between District employees and contract workers was rescinded;

A security camera that Mr. Byrd had installed, and which had been in place for two years, was removed; and,

Mr. Byrd was issued a disciplinary Letter of Direction by Gomez.

You must decide whether this conduct was an adverse employment action. An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to oppose an act they viewed as discrimination. Put another way, if a reasonable employee would be less likely to complain about or oppose alleged discrimination because he knew that the School District would take the actions against Mr. Byrd that I described, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

For the third element, if you find that Richard Byrd engaged in protected activity and that the School District took an adverse employment action against him, you must decide whether the School District took that action because of Mr. Byrd's protected activity. Put another way, you must decide whether Mr. Byrd's protected activity was the main reason for the School District's decision.

To determine that Gwinnett County School District took an adverse employment action because of Mr. Byrd's protected activity, you must first find that, all other things remaining the same, the School District would not have taken the action had Mr. Byrd not engaged in the protected activity.

Gwinnett County School District claims that it did not take the adverse employment actions identified above because of Mr. Byrd's's complaints about sexual harassment and that it issued the Letter of Direction because of Mr. Byrd's use of unfair evaluation practices and improper treatment of his subordinate employees, not his subsequent relaying a concern of alleged sexual harassment and asserts that The District initiated its investigation into Mr. Byrd before he alerted the District of the alleged sexual harassment concern. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may conduct an adverse employment action against an employee for any other reason, good or bad, fair or unfair.

If you believe Gwinnett County School District's reason[s] for its decision, and you find that the School District did not make its decision because of Richard Byrd's protected activity, you must not second guess that decision, and you must not substitute your own judgment for the School District's judgment – even if you do not agree with it.

Before I move to the Fourth element, I want to instruct you about pretext. As I have explained, Richard Byrd has the burden to prove that Gwinnett County School District's decision to

- warn Mr. Byrd that "You had better decide whose side you're on";
- warn Mr. Byrd that he could be issued a disciplinary Letter of Direction;
- rescind a disciplinary Letter of Direction that Mr. Byrd caused to be issued to Grady Brown;
- rescind Mr. Byrd's negative annual performance evaluations of Terry Oliver and Grady Brown;
- rescind Mr. Byrd's supervisory directive establishing communication protocols between District employees and contract workers;
- remove a security camera that Mr. Byrd had installed; and,
- issue a disciplinary Letter of Direction to Mr. Byrd were because of Richard Byrd's protected activity.

I have explained to you that evidence can be direct or circumstantial. To decide whether the School District's adverse employment actions were because of Mr. Byrd's protected activity, you may consider the circumstances of the School District's decision. For example, you may consider whether you believe the reason[s] that the School District gave for the decisions. If you do not believe the

reason[s] that it gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether Gwinnett County School District's acts were the proximate cause of damages that Richard Byrd sustained. Put another way, you must decide, if Gwinnett County School District had not

- warned Richard Byrd that "You had better decide whose side you're on";
- warned Mr. Byrd that he could be issued a disciplinary Letter of Direction;
- rescinded a disciplinary Letter of Direction that Mr. Byrd caused to be issued to Grady Brown;
- rescinded Mr. Byrd's negative annual performance evaluations of Terry Oliver and Grady Brown;
- rescinded Mr. Byrd's supervisory directive establishing communication protocols between District employees and contract workers;
- removed a security camera that Mr. Byrd had installed; and,
- issued a disciplinary Letter of Direction to Mr. Byrd would these damages have occurred?

**(Authority: Eleventh Circuit Pattern Jury Instructions 4.22 (2024 rev.)**

**<u>Defendant's Basis for Opposing This Charge</u>**

Gwinnett County School District objects to Plaintiff's list of purported adverse actions and characterizations of the same. The events that Plaintiff lists in this request to charge (which do not completely mirror those alleged in Plaintiff's response to Defendant's Motion for Summary Judgment) do not constitute adverse actions as they are not material nor would they dissuade a reasonable worker from making or supporting a complaint.

The first two purported adverse actions, which are simply comments not actions (that Plaintiff portrays as warnings), are not adverse actions. At best, a comment would be a trivial harm not an adverse action. Furthermore, rescinding negative evaluations and/or letters of directions to other employees cannot be adverse actions related to Plaintiff. This is particularly true, when as here, the course of conduct that led to the rescission of these reviews and evaluations was already underway as a result of complaints four of Plaintiff's subordinates made before Plaintiff ever engaged in the purported protected activity. Similarly, changing protocols regarding a communication method and/or the installation of a camera, neither of which impact Plaintiff, are similarly at best trivial, not material.

Rather, and while Defendant respectfully disagrees with the Court that the Letter of Direction it issued to Plaintiff after it concluded its investigation into his treatment of his subordinates is an adverse action, it is the only potentially adverse

action in this matter. *See* ECF No. 67 ("This letter of direction alone is likely sufficient to constitute an adverse action under *Crawford*"). The case law in the Eleventh Circuit has repeatedly held that even more potentially material actions did not constitute adverse actions under the more relaxed definition of adverse actions in retaliation cases. *Barnett v. Athens Regional Medical Center, Inc.,* 550 Fed. App'x 711, 715-716 (11th Cir. 2013) (holding that "neither the reprimands, the negative evaluation, nor the denial of [plaintiff's] vacation request were adverse employment actions" in the retaliation context); *Stephens v. Moffitt Cancer Center*, 259 F. Supp. 3d 1323, 1342 (M.D. Fla. 2017) (finding that a "Final Written Warning ("FWW") was not an adverse action because it did not materially alter the terms, conditions, or privileges of [Plaintiff's] employment").) Simply stated, the only potential adverse action in this matter is the Letter of Direction. As a result, Defendant has prepared a charge to reflect that reality.

**REQUEST TO CHARGE NO. 7**

**DAMAGES**

If you find in Mr. Byrd's favor for each fact he must prove, you must consider his compensatory damages.

When considering the issue of compensatory damages, you should determine what amount, if any, has been proven by Mr. Byrd by a preponderance of the evidence as full, just, and reasonable compensation for all of his damages as a result of actions you determined were adverse, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Gwinnett County School District. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Mr. Byrd has proved them by a preponderance of the evidence, and no others:

(a) emotional pain; and mental anguish.

To determine whether and how much Mr. Byrd should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Mr. Byrd does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what

amount fairly compensates him for his claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

**(Authority: Eleventh Circuit Pattern Jury Instructions 4.5 (2024 rev.)).**

**REQUEST TO CHARGE NO. 8**

**DUTY TO DELIBERATE**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. And I caution you that your deliberations must be guided by the instructions given as a whole, and that in your deliberations, you shall not over-emphasize one portion of these instructions over another or give greater weight to one provision over another.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**(Authority: Eleventh Circuit Pattern Jury Instructions 3.8.1 (2024 rev.)).**

**REQUEST TO CHARGE NO. 9**

**ELECTION OF FOREPERSON;
EXPLANATION OF VERDICT FORM**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. When you enter the jury room to begin deliberating, you will have a verdict form that will ask you to answer questions about each of Plaintiff's claims. Let me explain the verdict form to you.

***

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return to the courtroom so that your verdict can be announced in open court.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But

I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

You may now retire to the jury room to elect your foreperson. Do not begin deliberating until you have received the evidence admitted at trial, the verdict form, and a copy of these instructions. Remember, the instructions are to be considered as a whole and, in your deliberations, you shall not over-emphasize one portion of these instructions over another or give greater weight to one provision over another.

You should deliberate only in the jury room and then only when all the members of the jury are present. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, Blackberry, iPad or other tablet devices or computers; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as but not limited to Facebook, Google, Wikipedia, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

That ends my instructions to you at this time.

You may retire to the jury room to begin your deliberations in accordance with these instructions.

**(Authority: Eleventh Circuit Pattern Jury Instructions 1.1; 3.8.1 (2024 rev.)).**

**VERDICT FORM**

**Defendant proposes:**

**I. Retaliation**

**A. Did Plaintiff prove by a preponderance of the evidence a *prima facie* case of retaliation by showing that he engaged in statutorily protected activity?**

YES _______ NO _________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

**B. Did Plaintiff prove by a preponderance of the evidence a *prima facie* case of retaliation by showing that suffered an adverse employment action?**

YES _______ NO _________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

**C. Did Plaintiff prove by a preponderance of the evidence a *prima facie* case of retaliation by showing that he would not have suffered the adverse employment action but for his statutorily protected activity?**

YES _______ NO _________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

**D. Did Plaintiff prove by a preponderance of the evidence that the reasons offered by Gwinnett County School District were (a) false and (b) the real reason was retaliation?**

YES _______ NO _________

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

**E. If yes, has Gwinnett County School District shown by a preponderance of the evidence that it would have taken the same adverse employment actions even if Gwinnett County School District had not taken Plaintiff's protected activity into account?**

YES _______ NO _________

If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.

**F. If yes, has Gwinnett County School District shown by a preponderance of the evidence that it would have taken the same adverse employment actions even if it had not taken Plaintiff's protected activity into account?**

YES _______ NO _________

If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.

## II. Damages

**A. Did Plaintiff prove by a preponderance of the evidence that he is entitled to compensatory damages?**

YES _______ NO _______

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

**B. Did Plaintiff prove by a preponderance of the evidence that he should be awarded damages to compensate for emotional pain and mental anguish?**

YES _______ NO _______

If your answer is "Yes," in what amount? $_____________.

SO SAY WE ALL

Executed on ________________, at Atlanta, Georgia.

By________________________

Jury Foreperson

Respectfully submitted this 2nd day of December, 2024.

**s/ *John D. Wales***
John D Wales
Georgia Bar No. 730785
LAW OFFICES OF JOHN D. WALES
2451 Cumberland Parkway SE
Atlanta Georgia 30339
Telephone: (770) 850-2545
Facsimile: (770) 850-2548
Email: JohnDWales@aol.com
Attorney for Plaintiff

**s/ *Robert C. Stevens***
Robert Catron Stevens
Georgia Bar No. 680142
SEYFARTH SHAW, LLP-ATL
Suite 2500
1075 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-885-1500
Fax: 404-892-7056
Email: bstevens@seyfarth.com

Elizabeth F. Kinsinger (Georgia Bar No. 261755)
Pereira, Kirby, Kinsinger & Nguyen, LLP
Post Office Drawer 1250
Lawrenceville, Georgia 30046
Telephone: (770) 963-1997
Email: ekinsinger@pkknlaw.com

Attorneys for Defendant